# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| J.D. PHILLIPS, Individually And On Behalf Of All Others Similarly Situated,<br><br>        Plaintiff,<br>v.<br><br>CITY OF ATLANTA,<br><br>        Defendant. | CIVIL ACTION FILE NO.<br>1:10-CV-2427-HLM |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND BRIEF IN SUPPORT THEREOF

COMES NOW Plaintiff, J.D. Phillips, by and through his undersigned counsel of record, and hereby moves this Court for the entry of default against Defendant City of Atlanta, pursuant to Fed. R. Civ. P. 55(b)(2), on the grounds set forth below.

## I.    PROCEDURAL HISTORY

This is a collective action brought by a current employee of Defendant, who holds the job title "Fire Investigator" (a/k/a "arson investigator"), for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA"), based upon Defendant's common policy of misclassifying "Fire Investigators" as employees engaged in "fire protection activities" pursuant to 29 U.S.C. § 203(y). The complaint was filed in Fulton County Superior Court on

1

July 9, 2010. [Docket No. 1, p. 1]. Defendant was properly served with the summons and complaint on July 15, 2010. (Ex. "A" to this Motion). Prior to filing an Answer to the complaint, Defendant timely removed the case to this Court on August 3, 2010. [Docket No. 1, p. 1]. Pursuant to Fed. R. Civ. P. 81(c), Defendant's Answer was due August 10, 2010. However, to date, no answer has been filed by Defendant or received by Plaintiff. Therefore, Defendant is in default and default should be entered against Defendant pursuant to Fed. R. Civ. P. 55(b)(2).

## II.   ARGUMENT AND CITATIONS TO AUIHORITY

### A.   Defendant Has Not Filed An Answer In The Time Required By Fed. R. Civ. P. 81(c).

Once a defendant removes a case to U.S. District Court, that Defendant has the longer of twenty-one (21) days from the date it was served with the summons and complaint or seven (7) days from the date of removal to file its answer. Fed. R. Civ. P. 81(c). That Rule states:

(c) Removed Actions.

(1) *Applicability.* These rules apply to a civil action after it is removed from a state court.

(2) *Further Pleading.* After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:

> (A) 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief;
>
> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
>
> (C) 7 days after the notice of removal is filed.

As Defendant was served on July 15, 2010, twenty-one days from the date of service was August 5, 2010. As Defendant removed the case on August 3, 2010, seven days from the date of removal was August 10, 2010. As August 10, 2010 is the later of the two applicable deadlines, the answer was due no later than that date. However, no answer has been filed, thus putting Defendant in default pursuant to Fed. R. Civ. P. 55, which states:

> Rule 55. Default; Default Judgment
>
> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

>  (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals-- preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
>  (A) conduct an accounting;
>  (B) determine the amount of damages;
>  (C) establish the truth of any allegation by evidence; or
>  (D) investigate any other matter.

As the Complaint does not contain a demand for a sum certain, Fed. R. Civ. P. 55(b)(2) applies.

### B.   Defendant Cannot Show That It Has A Meritorious Defense To Plaintiff's FLSA Overtime Claim

Plaintiff anticipates that Defendant will oppose the motion, claiming it made some calendaring or other error which does not prejudice Plaintiff.  However, a district court may only set aside an entry of default for good cause. Fed. R. Civ. P. 55(c).  While no court has produced an exhaustive list of the factors constituting "good cause;" Eleventh Circuit courts have weighed: (1) whether the default was culpable or willful; (2) whether setting aside the default would prejudice the non-moving party; and (3) whether the defaulting party has offered a meritorious defense to the claim on which the default was based. Kim v. Citimortgage, Inc.,

4

2009 U.S. Dist. LEXIS 118331 (N.D. Ga. 2009). Assuming *arguendo* that Defendant can meet the first two prongs of the test, it cannot show that it has a meritorious defense to Plaintiff's FLSA claim, as the only courts to have considered the issue of whether Fire Investigators, (a.k.a. arson investigators) are employees engaged in "fire protection activities" pursuant to 29 U.S.C. § 203(y) have long ago held that they are not.

In <u>Carlson v. City of Minneapolis</u>, 925 F.2d 264 (8th Cir. 1991), arson investigators sued the City of Minneapolis on the same basis as Plaintiff brings this claim – that they were employees engaged in law enforcement activities rather than employees engaged in fire protection activities, and thus not subject to the partial exemption from the overtime requirements of the FLSA pursuant to 29 U.S.C. § 207(k).

> This case arose because the city classifies the investigators as employees engaged in fire protection activities, making them eligible for overtime pay only for hours worked in excess of fifty-three during a seven-day work period (workweek). *See* 29 U.S.C. § 207 (k); 29 C.F.R. §§ 553.210 (a),.230 (a),.230 (c) (1990). The investigators, however, claim they engage in law enforcement activities -- not fire protection activities -- entitling them to overtime compensation after forty-three hours of work per workweek. *See* 29 U.S.C. § 207 (k); 29 C.F.R. §§ 553.211 (a),.230 (b)- (c). The district court rejected the city's classification and awarded overtime compensation to the investigators based on the court's view that the investigators engage in law enforcement activities. We affirm the district court's rejection of the fire protection activities classification used by the city, and its acceptance of the law enforcement activities classification.

…The rules we apply are well established. The city carries the burden of proving the investigators engage in fire protection activities. *Hearnsberger v. Gillespie*, 435 F.2d 926, 929 (8th Cir. 1970) (citing *Idaho Sheet Metal Works v. Wirtz*, 383 U.S. 190, 208-09, 86 S. Ct. 737, 15 L. Ed. 2d 694 (1966)). We must narrowly construe this classification against the city. *Id.; see also Mitchell v. Kentucky Fin. Co.*, 359 U.S. 290, 295-96, 79 S. Ct. 756, 3 L. Ed. 2d 815 (1959); *Donovan v. Williams Chem. Co.*, 682 F.2d 185, 191 (8th Cir. 1982). Whether the city has correctly classified the investigators depends on the character of the investigators' responsibilities and tasks, not on their job title or place of work. *Overstreet v. North Shore Corp.*, 318 U.S. 125, 132, 63 S. Ct. 494, 87 L. Ed. 656 (1943); *Hearnsberger*, 435 F.2d at 929; *Walling v. W.D. Haden Co.*, 153 F.2d 196, 199 (5th Cir.), *cert. denied*, 328 U.S. 866, 66 S. Ct. 1373, 90 L. Ed. 1636 (1946); *Reeves v. I.T. & T. Corp.*, 357 F. Supp. 295, 302 (W.D. La. 1973), *aff'd*, 616 F.2d 1342, 1351 (5th Cir. 1980), *cert. denied*, 449 U.S. 1077, 101 S. Ct. 857, 66 L. Ed. 2d 800 (1981). In sum, the city must show the investigators plainly and unmistakably come within the terms and spirit of the fire protection activities exception. *See Donovan*, 682 F.2d at 191; *Hearnsberger*, 435 F.2d at 929.

Applying these principles to the undisputed facts in the record, we agree with the district court that the investigators do not engage in fire protection activities. Although the investigators work for the Minneapolis Fire Department, are assigned to fire stations, respond to fire calls, and spend time at fire scenes, they do not "perform[] activities [that] are required for, and [are] directly concerned with, the prevention, control or extinguishment of fires. . . ." 29 C.F.R. § 553.210 (a) (4). The investigators investigate arson: they look for signs of arson at fires, follow up leads, compile evidence, and assist in the arrest and prosecution of suspected arsonists.

The investigators neither extinguish nor control fires, and we find unconvincing the city's argument that the investigators prevent fires by "remov[ing] arsonists from society and deter[ring] others from intentionally setting fires." The investigators do not anticipate, counter, or stop fires from happening; rather, their work begins after fires occur when they search for incendiary origins and, if required,

> identify perpetrators for prosecution. Thus, we do not believe the investigators engage in fire protection activities. The district court did not err in granting summary judgment in favor of the investigators in their claim that they engage in law enforcement activities.
>
> …We thus affirm the district court's holding that the investigators do not engage in fire protection activities under 29 U.S.C. § 207 (k) and 29 C.F.R. § 553.210 (a), but are engaged in law enforcement activities. We remand for the entry of judgment consistent with this opinion.

To the same effect as Carlson is Lockwood v. Prince George's County, Maryland, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000), which affirmed the grant of summary judgment to arson investigators on their claim that they were not subject to the fire protection activity exemption under 29 U.S.C. § 207 (k) and awarded liquidated damages for a willful violation:

> The job of the Prince George's County fire investigators involves only the aftermath of a fire. Once the fire is extinguished, they determine the origin of the fire and, in cases of arson, help track down the arsonist. Like the investigators in *Carlson*, they do not "anticipate, counter, or stop fires from happening." *Id.* The County's contention that its fire investigators "prevent" fires relies upon an indirect connection between post-fire investigations and future fires. The existence of this indirect connection is no doubt plausible. In other circumstances, it might give us greater pause. Because we must construe § 7(k) narrowly against the County, however, we agree with the district court that reliance upon this indirect connection is simply not enough for the County to meet its substantial burden of showing that the § 7(k) "fire protection activities" exemption applies to Appellees.

7

As the annexed job description for Fire Lieutenant Investigator (Plaintiff's position) shows, for the reasons set forth in <u>Carlson</u> and <u>Lockwood</u>, Plaintiff and the class he represents, cannot fall under the fire protection activity exemption as they do not "perform activities that are required for, and are directly concerned with, the prevention, control or extinguishment of fires. . . ." 29 C.F.R. § 553.210. Indeed, the job description states the purpose of the job as:

> The purpose of this job is to provide investigative services on suspected arson fires and fatalities for the Fire Department. Duties and responsibilities include initiating and directing investigations; assisting technicians and examiners; collecting and analyzing evidence of fires to determine causes and origins; testifying as an expert witness in court; documenting fire scenes and writing reports; working to achieve the highest level of cooperation and to enhance the effectiveness and efficiency of all departments and fire protection within the City of Atlanta.

(Exhibit "B"). As the City of Atlanta cannot show a meritorious defense, a default should be entered against it and this Court should award such other and further relief as is just necessary and proper.

Respectfully submitted this 12th day of August, 2010.

/s Mitchell D. Benjamin
MITCHELL D. BENJAMIN
Georgia Bar No. 049888

BILLIPS & BENJAMIN LLP
One Tower Creek
3101 Towercreek Parkway, Suite 190
Atlanta, Georgia 30339
(770) 859-0751     Telephone
(770) 859-0752     Facsimile
benjamin@bandblawyers.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| J.D. PHILLIPS, Individually And On Behalf Of All Others Similarly Situated, | ) ) ) | CIVIL ACTION FILE NO. 1:10-CV-2427-HLM |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CITY OF ATLANTA, | ) ) | |
| Defendant. | ) | |

**CERTIFICATE OF COMPLIANCE AND SERVICE**

The undersigned hereby certifies that this day, I electronically filed the annexed **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND BRIEF IN SUPPORT THEREOF**, which complies with the type and format (including type and point size) selections as set forth in L.R. 5.1(B) and 7.1(D), N.D. Ga. as being prepared in 14 Point Times New Roman with no more than ten (10) characters per inch, with the Clerk of Court in the United States District Court, for the Northern District of Georgia, Atlanta Division, using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

    Robert N. Godfrey
    Senior Assistant City Attorney
    City of Atlanta Department of Law
    68 Mitchell Street, S.W. Suite 4100
    Atlanta, Georgia 30303

This 12th day of August, 2010.        /s Mitchell D. Benjamin
                                           Mitchell D. Benjamin
                                           Georgia Bar No. 049888

BILLIPS & BENJAMIN LLP

One Tower Creek
3101 Towercreek Parkway, Suite 190
Atlanta, Georgia 30339
(770) 859-0751	Telephone
(770) 859-0752	Facsimile
benjamin@bandblawyers.com		ATTORNEYS FOR PLAINTIFF