IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.D. Phillips, individually and
on behalf of all others similarly
situated,

      Plaintiff,

v.

City of Atlanta,

      Defendant.

CIVIL ACTION FILE
NO. 1:10-CV-2427-HLM

ORDER

This is a lawsuit filed under the Fair Labor Standards Act ("FLSA"). The case is before the Court on Plaintiff's Motion for Default Judgment [3] and on Defendant's Motion for Extension of Time to File Answer [5].

On July 9, 2010, Plaintiff filed this lawsuit in the Superior Court of Fulton County, Georgia. (Docket Entry No. 1-2.) On August 3, 2010, Defendant removed the case to this Court, citing the Court's federal question jurisdiction. (Docket Entry No. 1-1.)

AO 72A

On August 12, 2010, Plaintiff filed a Motion for Default Judgment, contending that Defendant failed to file its Answer by August 10, 2010.   (Docket Entry No. 3.)   On August 12, 2010, Defendant filed a Motion for Extension of Time to File Answer, along with its Answer.   (Docket Entry No. 4-5.)   In its Motion, Defendant states that its counsel mistakenly calendared the due date for its Answer, after removing the case earlier than expected. (Docket Entry No. 5.)

As of the date of this Order, the Clerk's docket indicates that the Clerk has not yet entered a default against Defendants.   An entry of default is a prerequisite to obtaining a default judgment. Sun v. United States, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004).   Because Plaintiff failed to request an entry of default from the Clerk before filing his Motion for Default Judgment, the Motion is procedurally improper. The Court consequently cannot grant the

AO 72A

requested relief, and will deny the Motion for Default Judgment without prejudice.

On August 12, 2010, Defendant filed a Motion for Extension of Time to File Answer.  (Docket Entry No. 5.)  The Motion does not indicate that Plaintiff has consented to the Motion; however, the Court concludes that no response from Plaintiff is necessary because the requested extension will not prejudice Plaintiff.[1]  The Court further finds that Defendant has shown excusable neglect for failing to file its answer in a timely fashion, and that the requested extension is reasonable and justified.  In any event, the Court much prefers to resolve cases on their merits, rather than on mere technicalities such as a two-day delay.  The Court therefore grants

---

[1]Given that Plaintiff filed a Motion for Default Judgment shortly before Defendant filed its Motion for Extension of Time to File Answer, Plaintiff may have an objection to the requested extension. (Docket Entry No. 3.)  The Court, however, concludes that it is appropriate to extend the time period for Defendant to file its answer.

3

Defendant's Motion for Extension of Time to File Answer, and extends the time for Defendant to file its Answer through and including August 12, 2010.[2]

ACCORDINGLY, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Default Judgment [3], and **GRANTS** Defendant's Motion for Extension of Time to File Answer [5]. The Court **EXTENDS** the time period for Defendant to file its Answer through and including **AUGUST 12, 2010.**

IT IS SO ORDERED, this the 13 day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE

---

[2]Because no default has been entered, and a default judgment has not been entered, the Court need not, and does not, address Plaintiff's contentions that Defendant cannot possibly show a meritorious defense to Plaintiff's claims.

4